UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELVIN DIGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-cv-01468-SNLJ |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendants' motion to compel (#30) and supplemental motion (#31).[1] Those motions are **GRANTED**.

Defendants say they propounded to plaintiff certain interrogatory requests and requests for production of documents on October 1, 2019. Plaintiff did not respond by October 31, 2019—the deadline established under Rules 33(b)(2) and 34(b)(2)(A) of the Federal Rules of Civil Procedure. On November 1, 2019, defendants' counsel reached out to plaintiff's counsel in a "good faith attempt to resolve said discovery dispute" under Rule 37(a)(1). At that time, defendants' counsel also sought dates for plaintiff's deposition. When those efforts failed, a motion to compel was filed on November 25, 2019. Defendants' counsel tried to reach plaintiff's counsel by phone twice in December without success; but, on December 13, 2019, plaintiff's counsel finally responded and promised to follow up the next week—he did not do so. With the discovery deadline fast

---

[1] The second, supplemental motion filed (#31) seeks, in addition to an order compelling discovery responses, a short extension to the discovery deadline. Both motions are taken together.

1

approaching, a second, supplement motion to compel was filed seeking to extend that deadline. According to this Court's Case Management Order, the discovery deadline ended on December 23, 2019. Now, months after defendants' initial discovery requests, responses have still not been made, nor has plaintiff been made available for deposition. And because the discovery deadline has passed, defendants, in addition to seeking an order compelling discovery, ask for a short extension to the deadline so that their discovery requests can be resolved.

On December 25, 2019—well beyond the time to respond to the initial motion to compel—plaintiff filed a motion seeking an extension to respond to the motions until January 6, 2020. Plaintiff's counsel explained that he needed more time because he "is out of the country on his honeymoon with limited access to the Internet until January 4, 2020." This Court granted that request. The January 6 deadline came and went. Then, on January 7, 2020, plaintiff filed another motion seeking a second extension asking the Court to "permit him to respond … out of time." This time, plaintiff's counsel said he "encountered technical difficulties responding on January 6, 2020." This Court granted that request also, and the opposition brief was filed the same day. The brief acknowledges that defendants are entitled to the discovery they seek, but says plaintiff's counsel faced "several family medical emergencies and his own wedding" that, apparently, justifies the three-and-a-half month delay in responding to discovery.

This Court is not convinced by plaintiff's counsel's thinly-supported excuses, particularly as a justification to the substantial, several-month delay in responding to discovery that has now gone past the discovery deadline established in April 2019. This

Court reminds plaintiff's counsel of the serious consequences for failing to cooperate in discovery. *See* FED. R. CIV. P. 37. In his brief, plaintiff's counsel said he needs 21 days to respond to discovery—or January 28, 2020. This Court will hold plaintiff's counsel to that date and will permit no further extensions. Defendants' motions are granted.

For all the reasons stated above,

**IT IS HEREBY ORDERED** that defendants' motions to compel (#30, #31) are **GRANTED**. The discovery deadline is extended to January 28, 2020. On or before that date, plaintiff shall make himself available for deposition and shall respond to all pending discovery made the basis of defendants' motions.

So ordered this 16th day of January 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE