UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MELVIN DIGGS, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 4:18-cv-01468-SNLJ |
| CITY OF ST. LOUIS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendants' motion for sanctions and request for extension of the summary judgment deadline (#39) and plaintiff's motions to amend the case management order (#40, #43). These motions follow this Court's previous Order granting defendants' motion to compel discovery, in which the Court explained it was "not convinced by plaintiff's counsel's thinly-supported excuses" justifying a "several-month delay in responding to discovery that has now gone past the discovery deadline established in April 2019." *Diggs v. City of St. Louis*, 2020 W 263648 at *1 (E.D. Mo. Jan. 16, 2020). Despite this, the discovery deadline was extended to January 28, 2020—a deadline picked by plaintiff's counsel—so that plaintiff could "make himself available for deposition" and "respond to all pending discovery."

Plaintiff responded to all pending discovery shortly thereafter. But, he did not make himself available for deposition. In justification, plaintiff's counsel provides the same excuses he has been making for some time now—they were unconvincing then, and they are unconvincing now. Counsel's excuses simply do not justify the substantial delay

and non-compliance that has occurred in this case. Most notably, plaintiff was previously warned about the "serious consequences for failing to cooperate in discovery" and was told that he would be given the 21 days he needed, though he would be held to that date with "no further extensions." *Id.* He did not heed that instruction, though, and is instead satisfied to provide the same excuses that were rejected last time—the Court will not countenance such behavior.

At this time, though it is within this Court's discretion to do so, the Court will not order dismissal of this case outright under Rule 37(b)(2)(A)(v) as defendants have requested. The Eighth Circuit mandates trial courts to "investigate whether a sanction less extreme than dismissal would suffice, unless the party's failure was deliberate or in bad faith." *Comstock v. UPS Ground Freight, Inc.*, 775 F.3d 990, 992 (8th Cir. 2014). If plaintiff continues to disregard this Court's orders, dismissal will become unavoidable. For now, though, this Court will provide plaintiff one final opportunity to comply, while also ordering monetary sanctions in an amount appropriate to compensate defendants in their continued efforts to obtain discovery. *See Trbovich v. Ritz-Carlton Hotel Co.*, 166 F.R.D. 30, 32 (E.D. Mo. 1996); *see also* FED. R. CIV. P. 37(b)(2)(C). Once again, this Court reminds plaintiff's counsel of the serious consequences for failing to cooperate in discovery—further warning to that effect will not be given.

Plaintiff shall make himself available for deposition no later than Monday, March 30, 2020. The dispositive motion deadline, which has now passed, shall be extended for an additional two weeks beyond this date—to end Monday, April 13, 2020.

For all the reasons stated above,

**IT IS HEREBY ORDERED** that defendants' motion for sanctions and request for extension of the summary judgment deadline by defendants (#39) is **GRANTED**.

Defendants are awarded attorneys fees expended in their effort to obtain plaintiff's deposition. Defendants shall file an affidavit with this Court within **seven (7) days** detailing the amount of fees requested.

Plaintiff shall make himself available for deposition no later than **Monday March 30, 2020**. <u>**Failure to do so shall result in dismissal of this case**</u>.

**IT IS FURTHERED ORDERED** that plaintiff's motions to amend the case management order (#40, #43) are **DENIED**.

So ordered this 16th day of March 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE