UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELVIN DIGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-cv-01468-SNLJ |
| ) | |
| CITY OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on a motion for judgment on the pleadings filed by defendants City of St. Louis, Adrian Barnes, Jeff Carson, Dale Glass, and Tonya Harry (#19). For the reasons stated, that motion is **GRANTED IN PART and DENIED IN PART**.

## I. BACKGROUND

Plaintiff is a former captain at the St. Louis Medium Security Institution (MSI) who alleges he was wrongfully terminated in retaliation for informing his superiors about the purportedly poor conditions at MSI that posed a danger to inmates and staff alike. Further factual details have been set out in this Court's previous orders. *See Diggs v. City of St. Louis*, 2019 WL 1060028 (E.D. Mo. Mar. 6, 2019) (Limbaugh, J.).

Responding to his perceived mistreatment, plaintiff filed an eight-count complaint against defendants. Counts I and II allege a retaliation-based adverse employment action under 42 U.S.C. § 1983 based on the First Amendment. Count III alleges a retaliation-based claim under the FMLA. Count IV alleges a failure-to-accommodate claim under

1

the Americans with Disabilities Act. Counts V through VIII allege civil conspiracy based on the conduct underlying Counts I, II, III, and IV.

This Court has already concluded that Counts I and II have been sufficiently alleged against individual defendants Barnes, Carson, Glass, and Harry (Deeken—another defendant—was dismissed, however). *Id*. at *3. It also refused to dismiss Count III for inadequate pleading, *Id*. at *4, and refused to dismiss Count IV for failing to exhaust administrative remedies finding that it is incumbent on defendants to prove that defense, *Id*. The motion to dismiss Counts V through VIII—the conspiracy counts—was also denied because defendants' arguments were based "on an assumption that this Court would agree that the underlying Counts I through IV would fail," though those counts survived.

The current motion for judgment on the pleadings now seeks to challenge Counts I and II as directed toward the City of St. Louis. It also challenges Count IV as against the individual defendants, Carson, Glass, and Harry (Barnes is not implicated by that Count) arguing "there is no liability under Title I of the ADA against individuals who do not otherwise qualify as 'employers' under the statutory definition." Plaintiff concedes this point in his brief, saying "judgment on the pleadings is appropriate.' The motion is, therefore, granted on Count IV. Finally, defendants say Counts V through VIII fail because they are barred by the intracorporate conspiracy doctrine.

The Court takes up those issues still in dispute.

## II. ANALYSIS

### 1. Counts I and II—Pleading Sufficiency of Plaintiff's Retaliation-Based Section 1983 Claims Against the City of St. Louis

A Section 1983 claim asserted against a local government employee in his or her individual capacity is something qualitatively different than a Section 1983 claim asserted against the local government entity itself. *See G.E.C. by & through M.C.L. v. N. Kansas City Sch. Dist. No. 74*, 2018 WL 3078766 at *4 (W.D. Mo. June 21, 2018). The latter requires a plaintiff to "plead facts demonstrating that the [government entity] violated a constitutional right either pursuant to <u>official municipal policy</u> or <u>as part of a custom</u> or usage with the force of law." *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (emphasis added); *see also Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Policy and custom "are not the same thing." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 699-700 (8th Cir. 2016). "A policy is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Id*. "An unofficial custom," meanwhile, has several moving parts including: "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) [an injury] by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation." *Id*.

3

Plaintiff's brief makes clear that he relies on a custom for his claims against the City of St. Louis, pointing to a "detailed pattern of retaliation against him" and directing this Court to paragraphs 22 through 32, 34 through 48, and 50 through 54 of his complaint. The problem is, the purported custom at issue—whistleblowing retaliation about the unsatisfactory conditions at the MSI—is alleged only in reference to plaintiff's individual experience. That plaintiff, himself, has been subject to whistleblowing retaliation does not constitute a *widespread* custom of whistleblowing retaliation. *Kelly*, 813 F.3d at 1076 (concluding that plaintiff failed to tie her injury allegations to any widespread policy or custom authorizing those actions); *see also Peaks v. City of Fulton, Darrell Dunlap*, 2016 WL 4031194 at *2 (W.D. Mo. July 26, 2016) (plaintiff who was allegedly terminated for his reporting of long-term city sanitary compliance issues failed to plead any factual allegations suggesting a custom of whistleblowing retaliation).

Accordingly, Counts I and II will be dismissed against the City of St. Louis for failure to plead a custom of whistleblowing retaliation. *See Peaks*, 2016 WL 4031194 at *2.

2. **Counts V through VIII—The Survivability of Plaintiff's Civil Conspiracy Counts in Light of the Intracorporate Conspiracy Doctrine**

Defendants Glass, Barnes, Carson, and Harry next argue that the intracorporate conspiracy doctrine bars plaintiff's civil conspiracy claims again them. Conspiracy, of course, "by its nature involves multiple parties." *Kelly*, 813 F.3d at 1078. But, actions taken by employees working within the scope of their employment are treated as actions taken by the employer. *Id.* at 1079*; see also Byrd v. Rayl Transport, Inc*., 106 F.Supp.3d

999, 1001 (D. Minn. 2015) ("[O]ne who does a thing through another, his servants, does it himself and is responsible for the manner in which it is done.") Thus, from that basis, the intracorporate conspiracy doctrine provides that "a local government entity cannot conspire with itself through its agents acting within the scope of their employment." *Kelly*, 813 F.3d at 1078.

The question, here, is how far the intracorporate conspiracy doctrine reaches. The Eighth Circuit has applied it to conspiracy claims under 42 U.S.C. § 1985, which creates a cause of action for a conspiracy to, among other actions, obstruct justice and deprive another of the equal protections of the law. *Id.*; *see also* 42 U.S.C. § 1985(2), (3). But, it has not addressed whether the doctrine also applies to conspiracy claims based on Section 1983 or the FMLA.[1] Other courts—including the Sixth and Eleventh Circuits—have so extended the doctrine to cover both Section 1983-based and FMLA-based civil conspiracy claims. *Jackson v. City of Cleveland*, 925 F.3d 793, 818 (6th Cir. 2019) (extending the intracorporate conspiracy doctrine to Section 1983 claims as with Section 1985 claims); *Grider v. City of Auburn*, 618 F.3d 1240, 1261 (11th Cir. 2010) (accord); *Wedel v. Petco Animal Supplies Stores, Inc.*, 2013 WL 5819746 at *6 (D. Kan. Oct. 29,

---

[1] The conspiracy claims, Counts V through VIII, are based on the underlying conduct alleged in Counts I and II (Section 1983), III (FMLA), and IV (Title I of the ADA). As explained in this Order, plaintiff concedes Count IV should be dismissed against the individual defendants. Accordingly, the conspiracy counts can only be based on the remaining Section 1983 and FMLA claims. *See Slusarchuk v. Hoff*, 346 F.3d 1178, 1183 (8th Cir. 2003) (conspiracy is not an independent claim, requiring an underlying constitutional violation); *Deutsche Financial Servs. Corp. v. BCS Ins. Co.*, 299 F.3d 692, 700 (8th Cir. 2002) (civil conspiracy claim cannot stand where "underlying tort claim fails"); *see also K & S Partnership v. Continental Bank, N.A.*, 952 F.2d 971, 980 (8th Cir. 1991) (comparing civil conspiracy to "aiding and abetting liability" that "does not set forth an independent cause of action").

2013) (FMLA conspiracy claims). The judges of this Court, however, have consistently refused to extend the intracorporate conspiracy doctrine to Section 1983 "in the absence of such direction from the Eighth Circuit"—at least at the pleadings stage. *See Faulk v. City of St. Louis, Mo.*, 2019 WL 5653576 at *3 (E.D.Mo. Oct. 31, 2019); *Morgan-Tyra v. City of St. Louis, Mo.*, 2019 WL 5597094 at *6 (E.D. Mo. Oct. 30, 2019); *Baude v. City of St. Louis, Mo.*, 2019 WL 4750254 at *6 (E.D. Mo. Sept. 30, 2019); *Aldridge v. City of St. Louis, Mo.*, 2019 WL 1695982 at *8 (E.D. Mo. Apr. 17, 2019); *Newbold v. City of St. Louis, Mo.*, 2019 WL 3220405 at *6 (E.D. Mo. July 16, 2019). Despite that reluctance, defendants urge this Court to press on and extend the doctrine to Section 1983 claims by analogy to the Eighth Circuit precedent in *Kelly*.

Ultimately, this Court need not determine how far the intracorporate conspiracy doctrine reaches because another key component of the doctrine is missing here. *Kelly* made clear that the intracorporate conspiracy doctrine applies, if at all, only when an individual employee is acting "within the scope of their employment." 813 F.3d at 1078. Indeed, even for those courts that have extended the intracorporate conspiracy doctrine to Section 1983 claims, there is a recognized exception for conduct that takes place outside the scope of employment. *Jackson*, 925 F.3d at 819 (identifying a "scope-of-employment exception"). Here, there has been no serious discussion, either in the briefs or the complaint, about whether Glass, Barnes, Carson, and Harry were acting within or outside the scope of their employment as to each conspiracy count, and this Court will not evaluate the matter on its own. Therefore, even if *Kelly* were to arguably embrace application of the intracorporate conspiracy doctrine to Section 1983 claims, the doctrine

does not apply here without a showing that defendants were acting within the scope of their employment. Defendants' motion is denied on Count V through VIII at this time.

### III. CONCLUSION

For all the reasons stated above,

**IT IS HEREBY ORDERED** that defendants' motion for judgment on the pleadings (#19) is **GRANTED IN PART and DENIED IN PART**.

> The motion is **GRANTED** as to Counts I and II against defendant St. Louis City, and those counts will proceed only as against defendants Barnes, Carson, Glass, and Harry.
>
> The motion is also **GRANTED**, by concession, as to Count IV against defendants Carson, Glass, and Harry. There being no remaining no defendants under that Count, it is granted fully in defendants' favor.
>
> The motion is **DENIED** in all other respects.

So ordered this 16th day of March 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE